UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES W. FLOHRS, JR., <br><br> Plaintiff, <br><br> vs. <br><br> SMITHFIELD PACKAGED MEATS CORP., and ESIS, INC., a Chubb Company, <br><br> Defendants. | 4:24-CV-04055-KES <br><br><br> ORDER DENYING SMITHFIELD PACKAGED MEATS CORPORATION'S PARTIAL MOTION TO DISMISS |

Plaintiff, Charles W. Flohrs, Jr., brought a bad faith action against defendants Smithfield Packaged Meats Corp. (Smithfield) and ESIS, Inc. (ESIS). Docket 1. Smithfield moves to partially dismiss the complaint in the above-entitled matter for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Docket 8. ESIS moves to join Smithfield's partial motion to dismiss.[1] Docket 14. Flohrs opposes the motion to dismiss. Docket 17. For the reasons set forth below, the court grants ESIS's unopposed motion to join and denies Smithfield's partial motion to dismiss.

---

[1] ESIS moves to join Smithfield's motion to enlarge the period of time to answer plaintiff's complaint and to stay discovery until Smithfield's partial motion to dismiss is decided. Docket 15. The court granted, in part, Smithfield's motion on April 23, 2024. Docket 16. Good cause appearing, ESIS's unopposed motion to join is granted.

## BACKGROUND

The facts alleged in the complaint, accepted as true,[2] are as follows:

In 2007, Charles W. Flohrs worked as a shipping and receiving employee at Smithfield's pork processing plant in Sioux Falls. Docket 1 ¶¶ 16, 24. On March 26, 2007, while on the job, Flohrs's left leg was crushed after he was accidentally pinned between a skid loader and a metal guard rail. *Id.* ¶ 24. Flohrs was transported to the Sanford Hospital in Sioux Falls and underwent immediate emergency surgery. *Id.* ¶ 26. Flohrs was diagnosed with a grade 3C open tibial/fibula fracture on the left side and popliteal artery transection. *Id.*

Flohrs provided Smithfield with notice of his workplace injury on or about March 26, 2007. *Id.* ¶¶ 35-36. Smithfield accepted Flohrs's claim as compensable and paid workers' compensation benefits to Flohrs. *Id.* ¶ 37. At the time of Flohrs's workplace injury, Smithfield was self-insured under the South Dakota Workers' Compensation Act. *Id.* ¶ 34; *id.* at 21. During all relevant times, Smithfield delegated its claim administration services to ESIS. *Id.* ¶¶ 19-20. ESIS's duties included "processing paperwork related to claims, investigating claims, obtaining medical reports, monitoring treatment, verifying coverage, adjusting, settling, and defending claims, and issuing payment for benefits with checks." *Id.* ¶ 20.

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citation omitted).

2

Flohrs was hospitalized continuously from the date of his workplace accident through August 13, 2007. *Id.* ¶ 30. Throughout and after his hospitalization, Flohrs repeatedly underwent surgery to clean his wound and treat his leg fracture. *Id.* ¶¶ 27-29. During his first surgery, four pins were placed in Flohrs's femur and two half pins were placed in his distal tibia. *Id.* ¶ 27. On August 9, 2007, Flohrs underwent another surgery to stabilize his left tibial fracture with an LISS plate and to remove the external fixator. *Id.* ¶ 29. On September 28, 2007, Flohrs underwent a skin and bone graft to help heal his open wound. *Id.* ¶ 31. On March 18, 2008, Flohrs underwent another surgery to lengthen his Achilles tendon in an attempt "to remedy the contraction of his left foot." *Id.* ¶ 32.

After two years of medical treatment, Flohrs eventually returned to work with certain restrictions. *Id.* ¶ 38. On March 27, 2009, Flohrs and Smithfield entered and filed a settlement agreement whereby Smithfield agreed to pay Flohrs a lump sum of $19,500. *Id.* ¶ 39. In exchange, Flohrs agreed to release Smithfield from "any and all claims" for workers' compensation benefits, except for the payment of future medical expenses. *Id.* ¶ 43; *id.* at 22. The settlement agreement was signed and approved by the South Dakota Department of Labor. *Id.* ¶ 44.

From 2009 to 2016, Flohrs was able to work in various physical labor positions. *Id.* ¶ 46. In 2016, Flohrs began experiencing "chronic and intense disabling pain" in his left leg. *Id.* ¶ 47. As a result of this pain, Flohrs was unable to work. *Id.* Flohrs was later diagnosed with "Complex Regional Pain

Syndrome (CRPS), a form of chronic pain that usually affects an arm or a leg and typically develops after an injury." *Id.* ¶ 48. Because of this change in his condition, Flohrs notified ESIS that he was no longer able to work. *Id.* ¶¶ 49-50. Flohrs asserts that defendants informed him that he was "not entitled to any weekly or indemnity benefits, and that only his medical expenses would be paid." *Id.* ¶ 51. Flohrs further asserts that defendants, "incorrectly and fraudulently," informed him that he was ineligible for and "would not be paid any additional indemnity benefits." *Id.* ¶ 52. Flohrs asserts that despite being notified of Flohrs's change in condition, defendants failed to investigate or confirm whether Flohrs was entitled to additional indemnity benefits and denied Flohrs such benefits for three years. *Id.* ¶¶ 53-54.

Flohrs asserts that, from 2016 to 2019, because defendants refused to approve or handle Flohrs's workers' compensation benefits claim in good faith, Flohrs and his family suffered "substantial pecuniary and financial loss." *Id.* ¶¶ 54-56. Flohrs also alleges that defendants refused or unreasonably delayed approval, authorization, and payment for necessary medical treatment and for prescribed pain medications. *Id.* ¶¶ 57, 59. Flohrs asserts that because defendants failed to approve treatments and medications, or respond to phone calls from Flohrs's medical providers, Flohrs went "months without getting the medical treatment and prescription medication from his workplace injury recommended by his doctors." *Id.* ¶¶ 58, 60. Flohrs asserts that the "systematic and regular denial of [Flohrs's] medical treatment through delays was done in

bad faith" for the purposes of trying to avoid paying Flohrs the workers' compensation benefits he was owed. *Id.* ¶¶ 61-62.

In 2019, Flohrs retained legal counsel, who requested that defendants approve weekly indemnity benefits. *Id.* ¶ 63. In December of 2019, defendants approved weekly indemnity benefits under a reservation of rights and have paid Flohrs weekly benefits since that time. *Id.* ¶¶ 64-65. On December 3, 2020, Florhs's counsel filed a petition for hearing with the South Dakota Department of Labor and Management, Workers' Compensation Division, to seek the past due indemnity benefits from September 2016 to December 2019. *Id.* ¶¶ 66-67, 71. The parties litigated for three years until a hearing before the Department of Labor was scheduled on December 4, 2023. *Id.* ¶¶ 72-73. Smithfield canceled the hearing, and on January 31, 2024, filed a written agreement with the South Dakota Department of Labor. *Id.* ¶ 74, 76. In the agreement, Smithfield agreed to accept Flohrs's status as permanently and totally disabled under South Dakota law and agreed to pay and continue to pay Flohrs's permanent total disability (PTD) payments in their entirety. *Id.* ¶¶ 74-77.

Flohrs's complaint alleges only one count of workers' compensation bad faith against both defendants. *See id.* at 16. In his complaint, Flohrs alleges that defendants acted in bad faith "on numerous occasions," including, but not limited to:

(a)   Denying benefits to [plaintiff] without a reasonable basis;

(b)   Failing to conduct a reasonable investigation;

5

> (c) Affirmatively misleading [plaintiff[ about his rights and the benefits to which he was entitled;
>
> (d) Delaying and failing to respond to requests for authorization for medical treatment and fulfillment of pain medication prescriptions for months upon months over a period of years; and
>
> (e) Denying PTD benefits to [plaintiff[ for years when his claim for PTD benefits was not fairly debatable, and when [d]efendants knew or should have known that his claim for PTD benefits was not fairly debatable.

Docket 1 ¶ 99. Flohrs seeks to recover compensatory and punitive damages, plus interest, attorney's fees, and costs. *Id.* ¶ 102.

Smithfield now moves to partially dismiss plaintiff's complaint. Docket 8. Smithfield frames plaintiff's bad faith claim as alleging defendants acted in bad faith in two ways: "(1) by denying [p]laintiff indemnity benefits from 2016 to 2019; and (2) delaying the approval and payment of certain medical expenses." Docket 9 at 2. Smithfield moves to dismiss the first allegation of bad faith. Docket 8.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (alternation in original). The plausibility standard is satisfied

6

where a plaintiff "shows at the pleading stage that success on the merits is more than a sheer possibility." *Id.* (internal quotation marks omitted). The plausibility standard, however, is not a "probability requirement." *Id.*

Further, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id.* (citation omitted). "Accordingly, a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848-49 (8th Cir. 2014) (citation omitted).

Because this case arises under diversity jurisdiction, Docket 1, the court relies on South Dakota's substantive law and federal procedural law. *See May v. Nationstar Mortg., LLC*, 852 F.3d 806, 813 (8th Cir. 2017).

## DISCUSSION

In its partial motion to dismiss plaintiff's complaint, Smithfield does not seek the full dismissal of plaintiff's bad faith claim. Docket 8. Instead, Smithfield specified that its partial motion to dismiss is only directed at the portions of plaintiff's bad faith claim "related to the denial of indemnity benefits . . . based on the allegations that [d]efendants denied benefits without a reasonable basis, failed to conduct a reasonable investigation, and mislead [p]laintiff about his right to benefits." Docket 18 at 1. Smithfield argues that because Flohrs was not entitled to indemnity benefits under the parties'

7

settlement agreement, and because the South Dakota Department of Labor did not reopen Flohrs's claim, Smithfield "was entitled to rely on the settlement agreement" to deny plaintiff indemnity benefits. Docket 9 at 2. Thus, Smithfield argues that until the South Dakota Department of Labor reopened Flohrs's claim, "[d]efendants did not owe [p]laintiff a duty to investigate, handle, or process [p]laintiff's claim for indemnity benefits" from the period of September 2016 to December 2019. *Id.* at 5.

Flohrs argues that Smithfield's motion to dismiss should be denied because, taken as a whole, the complaint states a plausible claim for bad faith denial of workers' compensation benefits. Docket 17 at 13-20. Florhs further asserts that none of defendants' conduct should be parsed off at this stage of the proceedings because all of the conduct "states a claim for bad faith in the processing and payment of workers compensation benefits." *Id.* at 19. As such, Flohrs argues that the numerous occasions of bad faith listed in the complaint constitute the factual basis that makes the claim plausible. *See id.* at 18-20.

In assessing a motion to dismiss under Rule 12(b)(6), it is not the court's role to engage in "piecemeal dismissals of *parts* of [a] claim." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief."). Rather, "a court may dismiss a complaint only if it is clear that *no* relief could be granted under *any* set of facts that could be proved consistent with the allegations." *Dingxi*

8

*Longhai Dairy, Ltd. V. Becwood Tech. Grp. LLC*, 635 F.3d 1106, 1109 (8th Cir. 2011) (emphasis in original and citation omitted). Thus, to determine whether dismissal of Florhs's bad faith claim is proper, the court must take the entire complaint into account and determine whether Flohrs has stated a plausible claim for bad faith denial of workers' compensation benefits under South Dakota law.

In South Dakota, "workers' compensation bad faith will not arise whenever an insurer's conduct toward a claimant is unreasonable." *Hein v. Acuity*, 731 N.W.2d 231, 237 (S.D. 2007). Instead, an employee alleging a bad faith denial of workers' compensation benefits must satisfy both parts of this two-part test by showing:

> (1) There was an absence of a reasonable basis for denial of policy benefits; and
>
> (2) The insurer knew or recklessly disregarded the lack of a reasonable basis for denial.

*Johnson v. United Parcel Serv., Inc.*, 946 N.W.2d 1, 9 (S.D. 2020) (citation omitted). An insurer is permitted to "challenge claims which are fairly debatable" and "will be found liable only where it has intentionally denied (or failed to process or pay) a claim without a reasonable basis." *Hein*, 731 N.W.2d at 236 (quoting *Champion v. U.S. Fid. & Guar. Co.*, 399 N.W.2d 320, 324 (S.D. 1987)). Thus, in evaluating a bad faith claim under South Dakota law, the court "must look to 'the facts and the law available to the insurer at the time it made the decision to deny [benefits].' " *Johnson*, 946 N.W.2d at 10 (quoting *Bertelsen v. Allstate Ins. Co.*, 833 N.W.2d 545, 554 (S.D. 2013)).

Here, Smithfield does not seek to dismiss the entirety of Flohrs's bad faith claim as it impliedly concedes that Flohrs has stated a plausible cause of action as to "delaying the approval and payment of certain medical expenses." *See* Docket 8 at 1. Flohrs's allegation of bad faith as to the delays and failures to pay for medical treatment and prescribed medication does state a plausible claim for workers' compensation bad faith under South Dakota law. *See McDowell v. Citicorp U.S.A.*, 734 N.W.2d 14, 19 (S.D. 2007) ("[I]f defendants unreasonably delayed payment of [plaintiff's] necessary medical bills with an absence of a reasonable basis for the delay, and [plaintiff] suffered a compensable loss as a result, then such conduct might support a claim for bad faith.").

Smithfield does not dispute that Flohrs has plausibly alleged a bad faith claim as to defendants' delay and failure to pay for medical treatment and prescribed medication. *See* Docket 9. As such, the court holds that Florhs has stated a plausible cause of action for workers' compensation bad faith under South Dakota law. Because Flohrs has stated a plausible claim for bad faith, and because the court will not engage in piecemeal dismissals of parts of a claim, the court denies Smithfield's partial motion to dismiss. *See Morris v. Medtronic, Inc.*, 2023 WL 2387497, at *1 (E.D. Mo. Mar. 7, 2023) (denying the defendant's motion seeking to dismiss parts of the complaint's counts "predicated on any conduct other than [a] manufacturing defect" because Rule 12(b)(6) does not permit "piecemeal dismissals of parts of a claim"); *White v. Hy-Vee, Inc.*, 2023 WL 11884766, at *7 (C.D. Ill. Feb. 24, 2023) (denying the

defendant's motion to partially dismiss allegations supporting counts I and II of the plaintiff's complaint because the defendants did not dispute that both counts "plausibly allege actionable adverse employment actions").

## CONCLUSION

Because Flohrs has stated a plausible cause of action for workers' compensation bad faith under South Dakota law and because the court will not engage in the piecemeal dismissal of part of a claim under Rule 12(b)(6), it is

ORDERED that Smithfield's partial motion to dismiss (Docket 8) is denied. It is

FURTHER ORDERED that ESIS's motion for joinder in Smithfield's partial motion to dismiss under Rule 12(b)(6) (Docket 14) is granted. It is

FURTHER ORDERED that ESIS's motion for joinder in Smithfield's motion to enlarge the period of time to answer plaintiff's complaint and to stay discovery (Docket 15) is granted.

Dated January 14, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE